OPINION of the Court, by
Judge BIBB.
.These are cross appeals from the decree of the Bourbon circuit court, in a case wherein the son was complainant against the father. The record exhibits the sad spectacle of an untoward desire of gain, offering up filial and fraternal affection as sacrifices to money. Here we find the bounty of a father, in the character of a liberal exchange, overlooked by the son; the reluctant father dragged to the temple of justice, to have his conduct scanned by the rules of strict right, on the way treated irreverently by the son, who, bent upon his purpose, would even stamp with infamy the character ofhis brother. For the honor of mankind,itis hoped such examples will be rare indeed,
The bill was exhibited by Joseph Thomas, stating that in 1795 hecontracted with hisfather,Moses,for fifty acres of land, to be paid for at the valuation of three disinterested men ; that his father was indebted for money lent before that time, which, together with a sum advanced, made the sum of ,~. 30 lOs. credited on the back of their 8aid agreement at a subsequent period, when a modification of the contract was made, which sum was then agreed on as the full value of the said fifty acres; that he settled on the land and made valuable and bsting *220 improvements, and remained ig quiet possession for seven or eight years, “ anti until the defendant, to his great astonishment, upon some frivolous and unfist pre-tences, demanded of your orator to deliver up possession. of the said premises, which your orator, to avoid a disagreeable and painful altercation with his father, consented to do, provided he would refund to him the amount of the purchase money, and the value of the lasting and valuable improvements made thereon during his occupancy, which terms the defendant has always refused or failed to comply with, and has actually commenced an ejectment,” &c. “ and prosecuted the same to judgment. — —” A conveyance of the fifty acres of land, an injunction, &c. and such other or farther relief, &c. is prayed for.
The answer admits the agreement to pay for the land at valuation ; that, to accommodate his son, the respondent did safer him to take the land out of the settlement right instead of the pre-emption, but denies that the £. 30 10s. was the whole consideration to be paid, but that it was to be at valuation as before, The respondent insists that the complainant expressed a wish to have 250 acres of iand for which the respondent was then contending with an adversary claim, and the complainant urged the wish of his deceased mother that he should have it; that the respondent told him the 250 acres was more than a child’s part, and that if he received the whole he must give up the fifty acres he had purchased and settled on, to which the complainant consented ; that the respondent did accordingly assign over the plat and certificate of survey of the 250 acres to the complainant, who obtained the title to himself; that the suit respecting the adversary right has been determined in favor of the respondent; and that the complainant had taken possession of the 250 acres and put tenants thereon, but refused to yield possession of the fifty acres, &c. wherefore he brought the ejectment, &e.; that, before the decision of the suit, the complainant executed to the respondent a receipt against the original agreement, then in the hands of Adam Winn for safe keeping, which receipt is exhibited, &c. The complainant is called upon to produce the original agreement, which he had obtained from said Winn by some means or other, and to answer certain interrogatorios.
*221 The complainant, in the answer to interrogatories, admits the assignment of the plat and certificate of the survey of the 250 acres, but conten ds that it was a mere gratuity, according to the wishes of his mother, who had purchased the warrant and sent- it to her husband to locate, &c.: he contends, that when he executed the receipt exhibited, he was induced to do so by the persuasions of the defendant, and upon express declarations by him made, that if he would relinquish the fifty acres, which the defendant was anxious to procure for another son, that he, the complainant, should be secured in the whole of the 250 acres, should have the purchase money, advanced by the said complainant, refunded, and should have full compensation “ for the lasting and valuable improvements which he had made upon the said land,” &c.
The defendant, in a supplemental answer, insists that the complainant received improvements on the 250 acres, and for which the respondent paid, &c. more than equal to the value of the improvements on the fifty acres in 1798, the date of the receipt or release against the original agreement.
Upon a final hearing, the circuit court sustained the claim of the complainant for the value of the improvements made prior to the ejectment, which were assessed by a jury at 400 dollars ; the claim of the defendant to haye the rents and profits subsequent to the time of bringing the ejectment also assessed and credited against so much of the value of the improvements, was rejected and made the subject of a bill of exceptions ; the claim, of the complainant to have the fifty acres of land, or the sum advanced upon the purchase thereof, was likewise rejected, and a decree pronounced for the 400 dollars assessed by the jury : with which decree both parties were dissatisfied, and each have assigned errors in the decree.
The original agreement for the fifcy acres of land, as produced by the complainant, bears date on the 30th of May, 1795, and a receipt of the same date is endorsed for £. 30 10s. “ in part of the within,” signed by Moses Thomas, and attested by Adam Winn. The receipt against this obligation, signed by Joseph Thomas, is in the following words and figures: “October 11th, 1798 Received of Moses Thomas full satisfaction for his *222 obligation, which is in Adam Winn’s hands ; as witness my hand.” — 44 Memorandum — -But if the peace of land, is not got that I gave to my son Joseph, this receipt is void.” This receipt is conclusive evidence that the gift of the 250 acres was the moving consideration to the relinquishment of the fifty acres, as stated in the answer of the father. For if the gift was unconnected with the receipt, as contended for by the complainant, why was such an endorsement made? That the warrant, upon which the 250 acres were located, had been purchased by the wife of the defendant, and accompanied with an injunction to give the land which the husband might obtain thereby to Joseph, cannot be regarded, in law, as any foundation of right in Joseph. However persuasive the son might have thought this argument, when used in the holy temple of family concord, yet certainly it was not compulsory on the father to make the gift. The earnings of the wife belonged to the husband, the warrant was purchased with those earnings in. his name, it was his, and we cannot view it in any other light.
It appears from the evidence in the cause that the father, at and before the agreement about the 50 acres, expressed an intention to give his son Joseph part of the 250 acres, as. soon as recovered ; but Joseph was anxious to have some place to settle on in the mean time, and therefore the agreement was entered into by the parties t at a subsequent time Joseph agreed to surrender his claim to the fifty acres for the sake of the 250 acres, as well he might, since it appears he received what was worth at least £. 2.80 over and above the fifty acres with the improvements.
In June, 1801, it appears that the final decree was rendered and pronounced in favor of Moses Thomas, in the controversy depending at the date of the aforementioned receipt j to which suit the memorandum endorsed had allusion. The circuit court, therefore, properly decided that the original agreement was not operative, and gave the son no claim to a conveyance of the fifty acres: the decree against the complainant’s right to have the £. 30 10s. refunded, was also correct r. but that court erred in refusing to take an account of the rents and profits from the time of the commencement of the ejectment, and in refusing to set off the *223 amount against the value of the improvements assessed by the jury. For whether the complainant had an express or an implied lien on the land for the payment of the value of the improvements, yet the defendant had an indubitable right ta the rents and profits accruing after the service of the ejectment ; for the complainant held possession mala ficls from thrft period. The . 1 i ,J . , ^ « improvements on the 250 acres passed by the gilt or the land, or the exchange ; they were not made subsequent to the gift by the labor or industry of the father, but were recovered as a part of the land ; and for these he has no equitable claim to an allowance. It appears by the deposition of the subscribing witness to the receipt against the agreement for the 50 acres, as well as by the repeated acknowledgments of the defendant subsequently made, that Joseph was to be paid for his improvements.
It is therefore decreed and ordered, that the said decree of the circuit court be reversed, and it is hereby set aside and annulled ; the cause is remanded to that court, to have an account taken of the rents and profits, waste and reduction of soil since the service of the ejectment in the bill mentioned, and to deduct the amount from the value of the improvements assessed by the jurors heretofore impannelled ; and for the balance, if any shall be found in favor of the complainant, that a decree be pronounced, giving a reasonable day of payment j and farther, that the said court cause such orders and proceedings to be had and made therein as may be necessary to carry the principles of this decree into effect j and finally, that the said court do decree a dissolution of the injunction, and make such decree as to costs as shall be equitable.